# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD NOVELO,<br><br>         Petitioner,<br><br>   v.<br><br>KATHLEEN ALLISON,<br><br>         Respondent. | 1:10-cv-01626-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN UNITED STATES DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 9, 2010, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner alleges that he is presently incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), serving an unspecified sentence as a result of a January 29, 2009 conviction in the Kings County Superior Court.  (Doc. 1, p. 1).  Petitioner alleges that prison personnel have "arbitrarily and capriciously" denied Petitioner his right to receive contact visits with his minor daughter.  (Id., p. 5).  Petitioner alleges that, although his sentencing offense is a sexual offense specifically listed in the California Code of Regulations, title 15, § 3173.1 that imposes visiting restrictions upon minors, his daughter was not a victim and therefore contact visits should not be denied.  (Id.).  Petitioner does not challenge either his conviction or sentence.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that prison authorities have unlawfully excluded his minor daughter from contact visits with Petitioner. Although Petitioner does not indicate what relief he requests, it would appear that he is seeking contact visits with his minor daughter. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

The Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

///

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 16, 2010**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE